UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

KELLY BARTLETT,

               Plaintiff,

v.                                        Case No. 2:16-cv-62038-WPD

NAVIENT SOLUTIONS, INC. and
STUDENT ASSISTANCE CORPORATION,

               Defendants.

## DEFENDANT NAVIENT SOLUTIONS, LLC'S MOTION FOR PROTECTIVE ORDER

Defendant, Navient Solutions, LLC ("NSL"), through counsel and under Federal Rule of Civil Procedure 26, files this Motion for Protective Order with respect to Notices of Deposition served by plaintiff Kelly Bartlett ("Bartlett") for Zach Seeley ("Seeley") and Angela Kamionka ("Kamionka"), and states:

**I.**     **Introduction**

The depositions that Bartlett seeks here are unnecessary and burdensome, and clearly intended to harass NSL. In this action, Bartlett challenges the propriety of telephone calls that NSL made in an effort to collect on her delinquent federal student loan debt.[1] Specifically, Bartlett alleges that NSL made these calls in violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. 227, et seq., and the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. Chap. 559.55, et seq. The evidence that would relate to these claims is simple and narrow. To prove her TCPA claim, Bartlett must demonstrate that NSL contacted her

---

[1]     Bartlett also brings claims against Student Assistance Corporation ("SAC"). Bartlett does not seek to depose SAC's employees, however. Moreover, SAC did not place any telephone calls to Bartlett.

cell phone using an autodialer without the requisite "prior express consent."  Meanwhile, on the FCCPA claim, Bartlett must show that NSL is a "debt collector" as defined therein, and that its calls were harassing or abusive.

Through extensive written discovery and document production, Bartlett is in possession of more than enough information to fully explore the calls made to her cell phone.  Indeed, with respect to the TCPA claim, NSL has provided the information that goes to the number of calls made and the issue of prior express consent.  Similarly, with respect to the FCCPA claim, NSL has provided the call information, account notes and the recordings of the conversations between Bartlett and NSL.  Moreover, Bartlett is scheduled to take the deposition of NSL's corporate representative on May 8, 2017.

Nevertheless, Bartlett now seeks to depose Angela Kamionka, who plaintiff describes as "Head of the Office of Customer Advocate" for NSL, and Zach Seeley, an NSL customer service representative.[2]  These two individuals undoubtedly have no personal knowledge of Bartlett's claims and, thus, would add nothing to the evidence that Bartlett otherwise would need.

For instance, Seeley engaged in a single conversation with Bartlett over a year and a half ago, and NSL has produced the recording of this conversation.  Thus, the deposition of Seeley is clearly unnecessary and harassing.  Bartlett also seeks to depose Kamionka as "Head of the Office of Customer Advocate" for NSL.  Again, though, Kamionka has no personal knowledge of Bartlett's claims, and any testimony from her would be based on a review of NSL's business records.  However, NSL's corporate representative already is scheduled to give this testimony on May 8, 2017; Kamionka should not be required to provide duplicative testimony.

---

[2]      Plaintiff also seeks to depose Shakeem Nottingham, a former NSL customer service agent no longer employed by the company.  Like Seeley, however, the deposition of Nottingham is unnecessary.  Nottingham engaged in a single conversation with Bartlett over a year and a half ago, and NSL has produced a recording of this conversation.

Plainly, the requested depositions are intended only to impose an unnecessary discovery burden.   Accordingly, the Court should grant the Motion.

## II.   <u>Background</u>

NSL is a servicer of student loans.  Bartlett is the borrower on three delinquent Stafford loans (the "Loans").  As a result, pursuant to its obligations under United States Department of Education regulations, NSL began contacting Bartlett in an attempt to resolve her delinquency.

Bartlett filed the operative complaint on August 15, 2016.  On November 10, 2016, Bartlett served written discovery on NSL, which included thirty-six Requests for Admission, thirty-nine Requests for Production and seventeen Interrogatories.  NSL timely served objections to the discovery on December 28, 2016, and served supplemental responses and produced the relevant documents on February 14, 2017.  These documents included the pertinent call log, call recordings and account notes.  Additionally, NSL's corporate representative is set to provide deposition testimony on May 8, 2017.

Nevertheless, on April 5, 2017, Bartlett served the Notices of Deposition (the "Notices") at issue here.  (<u>See</u> the Notices, attached hereto as Exhibit A.)  The Notices purport to set the depositions of: (1) Seeley, as a representative of NSL; and (2) Kamionka, as "Head of the Office of Customer Advocate" for NSL.  The Notices set Seeley's deposition for April 24, 2017 and Kamionka's deposition for April 26, 2017.   Bartlett made no effort to determine NSL's or the witnesses' availability prior to serving the Notices, and NSL has served Objections to the Notices on that basis, as well as the unreasonable and irrelevant nature of the information sought.

## III.   <u>Argument</u>

### A.   **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery, and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The Advisory Committee Notes to Rule 26 state that "[p]roportional discovery relevant to any party's claim or defense suffices." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.  In discussing the recent amendments to Rule 26, the Honorable John G. Roberts, Jr., Chief Justice of the United States Supreme Court, stated:

> The amended rule states, as a fundamental principle, that lawyers must size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. The key here is careful and realistic assessment of actual need. That assessment may, as a practical matter, require the active involvement of a neutral arbiter—the federal judge—to guide decisions respecting the scope of discovery.

See 2015 Year-End Report on the Federal Judiciary, https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

Meanwhile, under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order must demonstrate "'good cause' for the protection sought."  Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co., 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008). "'Good cause' has been defined as a 'sound basis or legitimate need to take judicial action.'"  Id. (quoting In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987)).  When evaluating whether "good cause" exists, "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that

would result from the deposition." <u>Baratta v. Homeland Housewares, LLC</u>, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing <u>Farnsworth v. Proctor & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985)).

**B.    The Depositions Sought By Bartlett Are Unnecessary And Unduly Burdensome, Plainly Intended To Harass NSL And Not Proportional To The Needs Of The Case.**

As an initial matter, the Court should preclude Bartlett from taking the depositions because they are unnecessary and will add nothing to Bartlett's ability to prove her claims.  To the contrary, as explained above, NSL has already provided the call logs, call recordings and accounts notes, and agreed to produce a corporate representative for deposition.  Once Bartlett deposes NSL's corporate representative, she will have all of the information that relates to the asserted claims, and she should move forward with arguing the merits based on that information.

Against this background, the further depositions that Bartlett seeks clearly are unnecessary.  As noted above, Seeley engaged in a single conversation with Bartlett about a year and a half ago.  Bartlett already has been provided with NSL's business records regarding these conversations, including the recording.  The recording is the best evidence of the conversations, not retrospective testimony about the recording from Seeley.  Moreover, it is exceedingly unlikely that Seeley would have any recollection of the conversation, and he simply could not have personal knowledge of the facts and circumstances in this action. Thus, Seeley's testimony (if any) would be based solely on their review of NSL's business records and the recording, not personal knowledge.  This, of course, is the testimony that NSL will provide through its corporate designee on May 8, 2017.

Similarly, the deposition of Kamionka is unnecessary and unduly burdensome because she also has no personal knowledge of the facts and circumstances in this action whatsoever. Accordingly, her testimony (if any) would be based solely on her review of NSL's business

records. This is the exact sort of testimony that NSL's corporate representative is already set to provide on May 8, 2017.

Indeed, Bartlett likely seeks to depose Kamionka in order to obtain information regarding consumer complaints. In her position as Head of the Office of Customer Advocate, Kamionka manages a database of informal consumer complaints against NSL, known as the CSI Database. This information is irrelevant, however, for several reasons. First, NSL has already produced thousands of pages of formal complaints, and its corporate representative will be ready to testify regarding these complaints in the upcoming deposition. Thus, testimony regarding the complaints in the CSI Database would be duplicative and unnecessary. Further, the CSI Database contains complaints regarding any number of issues, so much of the information contained therein is completely irrelevant. Finally, the CSI Database has nothing to do with Bartlett's claims. At best, it does nothing more than demonstrate completely separate incidents vaguely related to the type of issues Bartlett alleges in this matter, which is certainly not enough to necessitate a deposition.

Finally, the depositions sought by Bartlett are simply not proportional to the needs of the case. Indeed, NSL made 67 phone calls to Bartlett between May 28, 2014 and December 1, 2015. Moreover, based on the documents produced in discovery, and giving Bartlett the benefit of the doubt with respect to revocation of consent, it appears that only 19 of these calls are potentially at issue. Bartlett's claims are simply not valuable enough to warrant these additional depositions, especially considering (1) the amount of information NSL has already produced and (2) that Bartlett is scheduled to depose NSL's corporate designee.

WHEREFORE, NSL respectfully requests that the Court issue a Protective Order, and provide for such other relief as this Court deems proper.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

The undersigned attorney certifies that this motion is filed in compliance with S.D. Local Rule 7.1(a)(3), in that the movant conferred by telephone and electronic mail with Plaintiff, through counsel, and Plaintiff opposes the instant motion.

Dated:  April 18, 2017

Respectfully submitted,

NAVIENT SOLUTIONS, LLC


By:/s/ Rachel A. Morris
               By Its Attorneys

Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Dr., Ste. 195
Tampa, Florida  33618
Telephone: (813) 890-2469
Facsimile: (866) 466-3140
ramorris@sessions.legal
dvanhoose@sessions.legal

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 18, 2017 a copy of the foregoing **MOTION FOR**

**PROTECTIVE ORDER** was served by electronic mail on the party listed below:

Stefan A. Alvarez, Esq.
William Peerce Howard, Esq.
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, Florida 33609
Billy@TheConsumerProtectionFirm.com
Stefan@TheConsumerProtectionFirm.com


/s/ Rachel A. Morris
Rachel A. Morris