**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

KELLY BARTLETT,

    Plaintiff,

v.                                      CASE NO.:  0:16-cv-62038-WPD

NAVIENT SOLUTIONS, LLC and
STUDENT ASSISTANCE CORPORATION,

    Defendant.

---

**RESPONSE TO DEFENDANT, NAVIENT SOLUTIONS, LLC'S, MOTION FOR
PROTECTIVE ORDER (DOC. 23) AND SUPPORTING MEMORANDUM OF LAW**

---

Plaintiff, Kelly Bartlett, by and through her undersigned counsel, respectfully submits this response in opposition to Defendant, Navient Solutions, LLC's ("NSL"), Motion for Protective Order (Doc. 23) and states the following in opposition:

The depositions sought by Plaintiff and properly noticed to Defendant on April 5, 2017 are wholly relevant to Plaintiff's claims in this matter and highly proportional to the needs of the case. Their testimony is vital to Plaintiff's ability to prove the potential "willful" or "knowing" nature of Defendant's violations under the TCPA, as well as damages under the FDCPA and FCCPA. Yet, Defendant and its counsel, who will only produce professional witnesses designated as a corporate representative, have routinely refused to provide any fact witness for deposition.[1]

"As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (internal citations omitted). "Defendant may not limit Plaintiff's discovery to that which Defendant *believes* is necessary to prove Plaintiff's claims. Rather, Plaintiff is generally entitled to take all discovery allowed under Rule 26(b)(1) that she deems necessary." *Bratcher v. Navient Solutions, LLC*, No. 3:16-cv-00519-HES-JBT, Dkt. 28 at 4 (M.D. Fla. Mar. 14, 2017) (emphasis added).

The Defendant's position that this discovery is disproportionate to the needs of the case is off base, a conclusion punctuated by the fact that the Defendant was unable to cite even a *single* opinion granting a protective order under similar circumstances. While the Defendant has contended that a 30(b)(6) deposition is all that is needed in this case, this unprecedented argument

---

[1] Unfortunately, this appears to be standard business practice for both this Defendant and this specific counsel; several recent cases litigated by the undersigned involved nearly identical motions practice in a seeming attempt to run up attorney's fees, increase costs for the plaintiffs, and stifle basic discovery, such as a simple fact witness deposition. *See e.g. Bratcher v. Navient Solutions, LLC*, No. 3:16-cv-00519-HES-JBT, Dkt. 24, 28 (M.D. Fla. Mar. 14, 2017) (denying Defendant's Motion for Protective Order finding the requested depositions of several supervisors to be relevant and proportional to the needs of the case); *Cedeno v. Navient Solutions, LLC*, No. 0:16-61049-AOR, Dkt. 41 (S.D. Fla. Dec. 8, 2016) (denying Defendant's Motion for Protective Order finding the deposition of an individual collector who spoke to plaintiff is relevant and proportional to the needs of the case).

deliberately omits the fact that a 30(b)(6) deposition is designed only to establish the official position of a corporate party to litigation through a well-prepared, professional witness.[2]

The purpose of a 30(b)(6) deposition is to require a corporation to put forth a "party line" that it can be bound to, not to supplant a litigant's right to question operational-level employees with actual personal involvement with the matters at issue in the litigation.[3] Furthermore, any concern of duplicative discovery is without merit. In distinguishing the different roles between a 30(b)(6) deposition and a 30(b)(1) deposition, a party is "entitled to tie down the definitive positions" of the opposing party, "[e]ven if the substance of the information ultimately provided mirrors that of the testimony" previously acquired. *New Jersey v. Sprint Corp.*, No. 03-20710JWL, 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010).[4] To accept the Defendant's arguments as to the requested protective order would be to hold the unfair position that the Plaintiff is not entitled to the best evidence that might contradict the "party line" testimony of the Defendant's corporate deponent.

The Defendant also cites no particular hardship that would be suffered by NSL, its counsel, or any of the witnesses identified in Plaintiff's Notices, other than the ordinary inconvenience of attending a deposition. Such arguments are manifestly insufficient to warrant issuance of a protective order under well-established law.[5] Furthermore, the Defendant's conclusory assertions

---

[2] These witnesses generally lack personal knowledge of the matters at issue. *See e.g., Miller v. Union Pac. R. Co.*, No. CIV.A.06-2399-JARDJW, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008) (noting that "the designated corporate representative does not give her or his personal opinion, but rather presents the corporation's position on the topic").

[3] *See N. States Power Co. v. City of Ashland, Wis.*, No. 12-CV-602-BBC, 2015 WL 1745880, at *2 (W.D. Wis. April 16, 2015) ("Fed. R. Civ. P. 30(b)(6) provides a mechanism for finding information known to an organization; it does not prohibit employees from testifying about their own activities or their personal knowledge related to the organization."); *Washburn v. Gymboree Retail Stores, Inc.*, No. C11-822RSL, 2012 WL 5360978, at *6 (W.D. Wash. Oct. 30, 2012) (noting the problems created when a corporate representative gave false testimony by "refus[ing] to deviate from the [corporation's] party line response").

[4] The *New Jersey* court went further to conclude that the "plaintiff should not be prevented from questioning a live witness in a deposition setting just because the topics proposed are similar to written requests for admissions already served. Such a result would essentially limit a plaintiff to the first form of discovery served, since topics are bound to overlap." *New Jersey*, 2010 WL 610671, at *2.

[5] *See, e.g., Bay Area Healthcare Advisors, LLC v. PremierTox 2.0, Inc.*, No. 1:16-CV-00020-HBB, 2016 WL 4203594, at *2 (W.D. Ky. Aug. 9, 2016) ([G]ood cause is not established by merely showing that discovery might involve

as to the purported lack of knowledge of the collectors who spoke to Plaintiff when she requested for the calls to stop and the supervisors are particularly problematic in this instance, as they are based solely on unsupported, self-serving conclusions made by Defendant and its counsel.

Moreover, these assertions do not even come close to foreclosing the usefulness of the witnesses' testimony in this case. It is almost certain that each witness has a significant recollection of the Defendant's policies and procedures, as well as information regarding how well any such regulations were adhered to. Such evidence could be used by the Plaintiff to challenge the Defendant's "party line" on key issues and prove critical to putting on a case for willful or knowing violations of the TCPA, as well as damages under the FDCPA and FCCPA, which potentially include punitive damages. Further, the Plaintiff is well below the ten depositions that pursuant to Rule 30(a)(2)(A) may be taken without leave of Court.

Lastly, Defendant fails to fully address the factors set forth in Rule 26(b)(1) regarding proportionality. Defendant's argument was recently rejected against this very Defendant, in which the court determined that "given the number of calls at issue, and the potential for recovery of…damages under the relevant statutes, three additional depositions are not disproportional to the needs of this case." *Bratcher*, No. 3:16-cv-00519-HES-JBT, Dkt. 28 at 4–5; *see also, Cedeno*, No. 0:16-61049-AOR, Dkt. 41. Consequently, Defendant's argument is without merit.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an order denying Defendant's Motion and requiring Defendant to produce these witnesses within the next fourteen days for deposition, as well as for Attorney's Fees, and such other and further relief as this Court deems just and proper.

---

inconvenience or expense."); *Smith v. Wal-Mart Stores, Inc.*, No. 2:13-CV-1597-MMD-VCF, 2014 WL 2770691, at *2 (D. Nev. June 17, 2014) ("A mere showing that the discovery may involve some inconvenience or expense does not establish good cause.").

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 25, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, who will send a notice of electronic filing to all counsel of record.

                                                s/*Stefan A. Alvarez*
                                                Stefan A. Alvarez, Esquire
                                                Florida Bar No: 100681
                                                William Peerce Howard, Esquire
                                                Florida Bar No:  0103330
                                                THE CONSUMER PROTECTION FIRM
                                                210-A South MacDill Avenue
                                                Tampa, FL 33609
                                                Telephone: (813) 220-2954
                                                Stefan@TheConsumerProtectionFirm.com
                                                Billy@TheConsumerProtectionFirm.com
                                                *Counsel for Plaintiff*