UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62038-CIV-DIMITROULEAS/Snow

KELLY BARTLETT,

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC and STUDENT
ASSISTANCE CORPORATION,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on the Defendant, Navient Solutions, LLC's Motion for Protective Order (ECF No. 23) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration and the Court is fully advised in the premises.

This is an action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (TCPA), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (FCCPA) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) in connection with the Defendants' efforts to collect on an outstanding student loan.

Navient Solutions, LLC (NSL) is a servicer of student loans. According to NSL, its contacts with the Plaintiff were in an effort to resolve the Plaintiff's delinquent student loan debt pursuant to its obligations under United States Department of Education regulations. During the course of discovery thus far, NSL has produced the pertinent call log, call recordings and account notes. According to NSL, in addition to the foregoing, the Plaintiff will be deposing NSL's corporate representative on May 8, 2017, after which she will have all of the information she needs.

NSL filed the instant motion for protective order in an effort to avoid producing Angela Kamionka and Zach Seeley for deposition. Ms. Kamionka is described by the Plaintiff as "Head of the Office of Customer Advocate" for NSL, and Mr. Seeley is an NSL customer service representative. According to NSL, neither witness has personal knowledge of the Plaintiff's claims.

Mr. Seeley engaged in a single conversation with the Plaintiff over a year and a half ago and NSL has produced the recording of the conversation. Ms. Kamionka's testimony would be limited to her review of NSL's business records and thus will be duplicative of the testimony of NSL's corporate representative. To the extent the Plaintiff seeks to depose Ms. Kamionka to obtain information regarding consumer complaints, NSL produced thousands of pages of formal complaints, and its corporate representative will be ready to testify about them. Finally, according to NSL, the depositions are out of proportion to the needs of this case. Of 67 phone calls between May 28, 2014 and December 1, 2015. only 19 occurred after the Plaintiff claims to have revoked her consent. Thus the value of the Plaintiff's claims do not warrant the expense of the additional depositions.

In response, the Plaintiff asserts that the depositions are vital to her ability to prove the potential "willful" or "knowing" nature of NSL's violations under the TCPA, as well as her damages under the FDCPA and FCCPA. According to the Plaintiff, NSL routinely refuses to produce fact witnesses in litigation against it, a position which has recently been rejected by other district courts in this circuit. *citing* Bratcher v. Navient Solutions, LLC, 16-00519-HES-JBT, ECF Nos. 24, 28, (M.D, Fla., Mar. 14, 2017); Cedano v. Navient Solutions, LLC, 16-61049-AOR, ECF No. 41, (S.D. Fla., Dec. 8, 2016). NCL, has not, according to the Plaintiff, cited any particular hardship it would suffer, other than the ordinary inconvenience of attending a deposition. NCL's assertion that the witnesses have no knowledge that would be useful is self-serving and unsupported. The witnesses surely will have knowledge of the Defendant's policies and procedures, and Plaintiff should not have to rely solely on the corporation's official testimony. Finally, according to the Plaintiff, she is well within the ten deposition limit prescribed by Fed.RCiv.P. 30(a)(2)(A), and the few depositions in addition to that of the corporate representative are certainly proportional to the needs of this case.

Federal Rule of Civil Procedure 26(c) provides that a court may, for good cause, issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden

or expense, including specifying terms including time and place for discovery.  Although Rule 26 articulates "good cause" as the standard for ruling on a motion for protective order, the federal courts have imposed a more demanding "balancing of interests" approach to the Rule.  <u>Farnsworth v. Proctor & Gamble</u>, 758 F.2d 1545, 1547 (11th Cir. 1985).   In other words, "the Court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result." <u>Paxton v. Great American Insurance Co.</u>, 2009 WL 5064054 at *6 (S.D. Fla. 2009).  The party seeking protection has the burden of demonstrating good cause by making a particular and specific demonstration of fact, as opposed to stereotyped or conclusory assertions. <u>U.S. v. Garrett</u>, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).[1]  Finally, "'[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.'" <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1313 (11th Cir. 2001). (quoting <u>Salter v. Upjohn Co.</u>, 593 F.2d 649, 651 (5th Cir. 1979)).

Balancing the interests of the parties here compels a ruling in the Plaintiff's favor.  NCL's assertion that the Plaintiff already has, or shortly will have, all of the evidence she needs is self serving. That is a determination best left to the Plaintiff.  Further, NCL has not shown any particular hardship other than the ordinary burden associated with producing a witness for deposition. The Court declines to prohibit the taking of the depositions altogether on that basis. Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion for Protective Order

---

[1] In <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

(ECF No. 23) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 26th day of April, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties